# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21cr00592 ABJ-1 |
| v. | **MEMORANDUM IN AID OF SENTENCING** |
| DAVID WIERSMA, | |
| DEFENDANT | |

COMES NOW, David Wiersma, through counsel Joseph Conte, pursuant to Federal Rule of Criminal Procedure 32 to address the sentencing factors of 18 U.S.C. §3553(a) in aid of the defendant's sentencing and to request that the court impose a sentence of one year probation.

## IMPOSITION OF SENTENCE

This court must impose a sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

In determining the sentence to be imposed this court must consider the §3553(a) factors. Those are:

**A. The Nature and Circumstances of the Offense.**

*United States v. David Wiersma*
Case No. 1:21cr00592 ABJ-1

Memorandum in Aid of Sentencing
Page No. 1

SENT MEMO RIOT 22/11/18 11:10:16

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

Mr. Wiersma plead guilty Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(G). Mr. Wiersma had strongly held beliefs after the Presidential election that there had been irregularities in the election that were not proper. He decided to come to D.C. to *peacefully* protest the results of the election and the lack of attention to alleged voting irregularities. He did so with no intent to do anything but add his voice to the vocal protests over the injustice he perceived had happened in the election. He was not armed, and he committed no violent actions in his peaceful protest. Admittedly Mr. Wiersma entered the Capitol.  Mr. Wiersma entered through an open door with numerous police officers inside and out.  The officers were restricting access to some parts of the building but not stopping anyone to other parts of the building. Mr. Wiersma, who supports law enforcement and has been to Back the Blue events, believed the officers were there to protect them.  Once he entered he asked one of the police officers about rest rooms and a possible tour.  The police officers were congenial and gave no instructions.  Mr. Wiersma and his friend/co-defendant Dawn Frankowski were inside the Capitol for a total of 11 minutes.  Mr. Wiersma's culpability is minimal in contrast to the other individuals involved that day who destroyed property, stole property, assaulted, and threatened law enforcement officers, and attempted to disrupt Congress.  Mr. Wiersma's only desire was to participate in a democratic process that is protected under the 1st Amendment of our Constitution. Unfortunately, going into the Capitol was not part of that democratic process and he now stands before the court having pleaded guilty of parading and demonstrating in the Capitol.

### B.   History and Characteristics of the Defendant.

*United States v. David Wiersma*
Case No. 1:21cr00592 ABJ-1

Memorandum in Aid of Sentencing
Page No. 2

SENT MEMO RIOT 22/11/18 11:10:16

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone: 202.638.4100
Email: dcgunlaw@gmail.com

Mr. Wiersma is 68 years old and a resident of Illinois.  Mr. Wiersma has one prior arrest but this is his first conviction.  Prior to the pandemic he was employed as a quality inspector in the nuclear industry.  He now works in the ride-share industry.  He has never married and has no children.  He has close family support.  According to the United States Probation Office  (USPO) he has been in compliance with his pretrial supervision and the terms of his release.  According to the USPO Mr. Wiersma "does not appear to present a danger to the community and the goals of sentencing may be accomplished through a non-custodial sentence." (Dkt. #67).

C. **The Need for the Sentence imposed** –

1. **To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.**

The offense Mr. Wiersma plead guilty to is a misdemeanor.  A period of probation will still reflect the seriousness of the offense, promote respect for the law and provide just punishment.  As the Supreme Court has noted probation involves a "substantial restriction of freedom."  *United States v. Gall,* 128 S.Ct. 586, 595 (2007).  "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 583 US. 868, 874 (1987).

*United States v. David Wiersma*
Case No. 1:21cr00592 ABJ-1

Memorandum in Aid of Sentencing
Page No. 3

SENT MEMO RIOT 22/11/18 11:10:16

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

  **2.** **To afford Adequate Deterrence to Criminal Conduct, and**

  **3.** **To Protect the Public from Further Crimes of the Defendant.**

This is Mr. Wiersma's first conviction and based on his past record, his acceptance of responsibility and his remorse for his conduct it is sure to be his last. Even a sentence of probation will ensure that he has no further criminal conduct and will protect the public from further crimes by Mr. Wiersma.

  **4.** **To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

Mr. Wiersma is 68 years of age and is employed in the ride-sharing business. Mr. Wiersma is not in need of any educational, vocational training or other correctional treatment.

  **D.** **The Kind of Sentences Available, and**

  **E.** **The Kinds of Sentence and the Sentencing Range Established By the Guidelines.**

As this is a Class C misdemeanor the Federal Sentencing Guidelines do not apply. This court is free to impose any sentence that is ". . . sufficient but not

*United States v. David Wiersma*
Case No. 1:21cr00592 ABJ-1

Memorandum in Aid of Sentencing
Page No. 4

SENT MEMO RIOT 22/11/18 11:10:16

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

### F. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.

A sentence of probation would be consistent with other capitol riot defendants similarly situated. *See, e.g., United States v. Valerie Ehrke*, 21--CR00097 (PLF), 36 months probation; *United States v. Danielle Doyle,* 21-CR-00324 TLM, 2 (two) months probation, $3,000.00 fine; *United States v. Eliel Rosa,* 21-CR-00068 TNM, 12 months probation, 100 hours community service; *United States v. Thomas Gallagher*, 21-CR-00041 CJN, 24 months probation, 60 hours community service.  See also, sentencing chart provided as Exhibit One to the government's sentencing memorandum.  (Dkt. #65).

### CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) citing *Koon v. United States*, 518 U.S. 81, 113 (1996).  The

*United States v. David Wiersma*
Case No. 1:21cr00592 ABJ-1

Memorandum in Aid of Sentencing
Page No. 5

SENT MEMO RIOT 22/11/18 11:10:16

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

defendant's case is unique.  He is a 68 year old first offender caught up in the madness that was January 6.   As set out above a sentence that does not include incarceration or home detention will satisfy the 18 U.S.C. §3553(a) factors.

Dated:  November 18, 2022

                                        Respectfully submitted,

                                        _____
                                        Joseph R. Conte, Bar #366827
                                        Counsel for David Wiersma
                                        8251 NW 15th Ct.
                                        Coral Springs, FL  33071
                                        Phone:         202.236.1147
                                        E-mail:        dcgunlaw@gmail.com

*United States v. David Wiersma*
Case No. 1:21cr00592 ABJ-1

Memorandum in Aid of Sentencing
Page No. 6

SENT MEMO RIOT 22/11/18 11:10:16

Law Office of Joseph R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com